UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEST TRENTON HARDWARE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BROOKLYN TEXTILES, LLC,<br><br>Defendant. | Civil Action No. 21-17662 (GC) (TJB)<br><br>MEMORANDUM ORDER |

      This matter comes before the Court upon Defendant Brooklyn Textiles, LLC's ("Defendant") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 15.) Plaintiff West Trenton Hardware, LLC ("Plaintiff") filed opposition (ECF No. 17) and Defendant filed a reply (ECF No. 18). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1.

I.    **BACKGROUND**[2]

      Plaintiff brings this action against Defendant for damages caused by Defendant's alleged failure to deliver goods that conformed to Plaintiff's purchase orders. (Am. Compl. ¶ 1, ECF No. 13.) Specifically, the Amended Complaint alleges that from February through April 2021, Plaintiff purchased 20,000,000 "medical-grade, nitrile examination gloves" from Defendant to fill an order from the State of New Jersey ("New Jersey"). (*Id.* at ¶ 8.) The Amended Complaint further alleges that: (1) each of the boxes containing the gloves was labeled as containing nitrile examination

---

[1] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

[2] The Court liberally construes Plaintiff's Amended Complaint and accepts all well-pleaded facts as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (explaining that at this stage, courts are required to accept all well-pleaded allegations as true (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002))).

gloves; (2) Defendant fulfilled Plaintiff's order and Plaintiff paid Defendant in full; (3) Plaintiff learned five days after Defendant's final delivery that many of the gloves were not nitrile and, therefore, were non-conforming; (4) Plaintiff notified Defendant of the non-conformity within five days of learning about the non-conformity; (5) Defendant's principal expressed surprise about the non-conforming gloves and represented that they were "of course certified and inspected as 100% nitrile"; and (6) Defendant failed to correct the non-conformity. (*Id.* at ¶¶ 15-17, 22-24.) According to Plaintiff, New Jersey suspected that the gloves were non-conforming because "a number of first-responders or the patients the first-responders were examining who had latex allergies suffered reactions consistent with latex exposure." (*Id.* at ¶ 19.) New Jersey, therefore, had glove samples tested by an independent laboratory and the test results revealed the presence of latex. (*Id.* at ¶¶ 20-21.) Plaintiff alleges that 5,796,000 of the gloves Defendant supplied were misrepresented as medical grade nitrile gloves. (*Id.* at ¶ 29.) Plaintiff purchased replacement goods for the non-conforming gloves and currently possesses almost all of the non-conforming gloves. (*Id.* at ¶ 33.)

The Amended Complaint raises the following four causes of action: Breach of Contract (Count 1); Action to Revoke Acceptance (Count 2); Breach of Implied Warranty of Merchantability (Count 3); and Breach of Implied Warranty of Fitness for a Particular Purpose (Count 4). (*Id.* at ¶¶ 34-65.)

## II.   LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker*, 292 F.3d at 374 n.7). "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.  DISCUSSION

The Court finds that Defendant failed to meet its burden of showing that no claim has been presented. Notably, a significant number of cases cited by Defendant in its moving brief were decided well after the pleadings stage. For example, at least eleven of the cases cited by Defendant went to trial.[3] In addition, at least twelve cases cited by Defendant in its moving brief were decided on summary judgment.[4] Furthermore, other cases cited by Defendant in its moving brief were

---

[3] (1) *Am. Seating Co. v. Archer Plastics Inc.*, No. 11-53, 2014 WL 4798522, at *1 (D.N.J. Sept. 26, 2014); (2) *Amba v. Rupari Food Servs., Inc.*, No. 10-4603, 2016 WL 6495514, at *1 (D.N.J. Oct. 31, 2016); (3) *Foss-Schneider Brewing Co. v. Bullock*, 59 F. 83, 90 (6th Cir. 1893); (4) *Gen. Motors Acceptance Corp. v. Jankowitz*, 523 A.2d 695, 698 (N.J. Super. Ct. App. Div. 1987); (5) *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 90 (3d Cir. 1983); (6) *Henningsen v. Bloomfield Motors, Inc.*, 161 A.2d 69, 73 (N.J. 1960); (7) *Imp. Traders, Inc. v. Frederick Mfg. Corp.*, 457 N.Y.S.2d 742, 743 (N.Y. Civ. Ct. 1983); (8) *Pioneer Peat, Inc. v. Quality Grassing & Servs., Inc.*, 653 N.W.2d 469, 472 (Minn. Ct. App. 2002); (9) *Sherkate Sahami Khass Rapol v. Henry R. Jahn & Son, Inc.*, 701 F.2d 1049, 1050 (2d Cir. 1983); (10) *Sobiech v. Int'l Staple & Mach. Co.*, 867 F.2d 778, 780 (2d Cir. 1989); (11) *Vanalt Elec. Constr., Inc. v. Selco Mfg. Corp.*, 233 F. App'x 105, 106 (3d Cir. 2007).

[4] (1) *Commonwealth Propane Co. v. Petrosol Int'l, Inc.*, 818 F.2d 522, 524 (6th Cir. 1987); (2) *Delta Tanning Corp. v. Samber Leather Fashions, Ltd.*, 654 F. Supp. 1285, 1286 (S.D.N.Y. 1987); (3) *Jakowski v. Carole Chevrolet, Inc.*, 433 A.2d 841, 842 (N.J. Super. Ct. Law Div. 1981); (4) *Lacroce v. M. Fortuna Roofing, Inc.*, No. 14-7329, 2017 WL 6342150, at *1 (D.N.J. Dec. 12, 2017); (5) *Levin v. Gallery 63 Antiques Corp.*, No. 04-1504, 2006 WL 2802008, at *1 (S.D.N.Y. Sept. 28, 2006); (6) *MJL Enters., LLC v. Eco Lighting USA Ltd. Liab. Co.*, No. 20-437, 2021 WL 5192376, at *1 (E.D. Va. July 14, 2021); (7) *Mobilificio San Giacomo S.p.A. v. Stoffi*, No. 96-415, 1998 WL 125536, at *1 (D. Del. Jan. 29, 1998); (8) *Pace v. Sagebrush Sales Co.*, 560 P.2d 789, 791 (Ariz. 1977); (9) *Rocheux Int'l of N.J., Inc. v. U.S. Merchs. Fin. Grp., Inc.*, 741 F. Supp. 2d 651, 655 (D.N.J. 2010); (10) *S.A.M. Elecs., Inc. v. Osaraprasop*, 39 F. Supp. 2d 1074, 1078 (N.D. Ill. 1999); (11) *Sherwin-Williams Co. v. Mark Charcoal Co.*, No. 80-4541, 1985 WL 3932, at *1 (N.D. Ill. Nov. 15, 1985); (12) *Sunkyong Am., Inc. v. Beta Sound of Music Corp.*, 605 N.Y.S.2d 62, 63 (N.Y. App. Div. 1993).

decided on a motion to dismiss but the facts are not analogous to the present case and/or the holdings do not militate in Defendant's favor.[5]

Defendant's own caselaw references demonstrate that the underlying dispute is better suited for resolution at a later stage of the proceedings. Moreover, the Court has performed an independent review of the Amended Complaint. Having done so, the Court finds that the Amended Complaint contains sufficiently detailed allegations such that, when viewed in the light most favorable to Plaintiff, it satisfies Rule 8(a) and states a plausible claim for relief.

IV.   **ORDER**

For the foregoing reasons,

**IT IS** on this 24th day of February, 2023, **ORDERED** that:

1.   Defendant's Motion to Dismiss (ECF No. 15) is **DENIED**.

*/s/ Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[5] *See, e.g., Agrolabs, Inc. v. Innovative Molding, Inc.*, No. 13-6169, 2014 WL 3535560, at *6 (D.N.J. July 16, 2014) (finding that, drawing all reasonable inferences in the plaintiff's favor, the plaintiff raised a plausible breach of contract claim and sufficiently alleged breach of warranty claim even though it was "not altogether clear whether [the plaintiff was] claiming a breach of the implied warranty of merchantability or of fitness for a particular purpose."); *Arlandson v. Hartz Mt. Corp.*, 792 F. Supp. 2d 691, 706 (D.N.J. 2011) (finding plaintiffs pleaded sufficient facts to state a breach of implied warranty claim under New Jersey law where they claimed that flea and tick medications do not safely kill flea and ticks); *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 329-30 (D.N.J. 2014) (denying motion to dismiss implied warranty of merchantability claim in action regarding washing machines where the plaintiffs "were not just promised that their clothes would be washed" because "Energy Star label . . . impliedly promised that their clothes would be washed efficiently."); *Rienzi & Sons, Inc. v. I Buonatavola Sini S.R.L.*, No. 20-5704, 2021 WL 5013795, at *5 (E.D.N.Y. Oct. 28, 2021) (denying motion to dismiss implied warranty of merchantability claim, in part, because plaintiff plausibly alleged that defendant tendered a product that plaintiff "could not resell and thereby breached the contract's implied warranties").