UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

――――――――――――――――――― ―――――― ―― X
West Trenton Hardware LLC,                            :
                Plaintiff,           :
                                                  No. 3:21-cv-17662-GC-TJB
                                              :
       against                             :        **ANSWER TO AMENDED**
                                                  **COMPLAINT**
                                              :
Brooklyn Textiles, LLC,                              :
                                              :
                Defendant.
―――――――――――――――――――――――――― ――― X

Defendant Brooklyn Textiles, LLC ("Defendant"), through its undersigned attorneys, hereby responds to the allegations in Plaintiff West Trenton Hardware, LLC's ("Plaintiff") Amended Complaint, ECF 13, as follows. To the extent any allegation is not specifically admitted, it is denied.

**PRELIMINARY STATEMENT**

1. Defendant denies the allegations in Paragraph 1.

2. Paragraph 2 contains requests for relief, to which to response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

**JURISDICTION**

3. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

**VENUE**

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a

response is required, Defendant denies the allegations in Paragraph 4.

## PARTIES

5. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 5 and, on that basis, Defendant denies the allegations in Paragraph 5.

6. Defendant admits the allegations in Paragraph 6.

## FACTS

### I. Plaintiff and Defendant Establish a Course of Dealing

7. Defendant admits the allegations in Paragraph 7.

### II. Plaintiff Orders Approximately 20,000,000 Nitrile Gloves

8. Defendant admits the allegations in Paragraph 8 only insofar as they state Plaintiff purchased 20,000,000 medical-grade gloves from Defendant during the period of February 2021 through April 2021, Defendant denies the remaining allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 11 and, on that basis, Defendant denies the allegations in Paragraph 11.

12. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 12 and, on that basis, Defendant denies the allegations in Paragraph 12.

13. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 13 and, on that basis, Defendant denies the allegations in Paragraph 13.

14. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or

deny the allegations in Paragraph 14 and, on that basis, Defendant denies the allegations in Paragraph 14.

15. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 15 and, on that basis, Defendant denies the allegations in Paragraph 15.

16. Defendant admits that it caused its final delivery to be made on or around April 15, 2021, and that Plaintiff paid Defendant in full. Defendant otherwise denies the allegations of Paragraph 16.

### III. Plaintiff Discovers Defendant's Gloves Were Not Nitrile

17. Defendant denies the allegations in Paragraph 17.

18. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 18 and, on that basis, Defendant denies the allegations in Paragraph 18.

19. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 19 and, on that basis, Defendant denies the allegations in Paragraph 19.

20. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 20 and, on that basis, Defendant denies the allegations in Paragraph 20.

21. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 21 and, on that basis, Defendant denies the allegations in Paragraph 21.

### IV. Plaintiff Gives Defendant Seasonable Notice of the Non-Conformity

22. Defendant denies the allegations in Paragraph 22.

23. Defendant admits the first sentence in Paragraph 23 and otherwise denies Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 29 and, on that basis, Defendant denies the allegations in Paragraph 29.

30. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 30 and, on that basis, Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 32 and, on that basis, Defendant denies the allegations in Paragraph 32.

33. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 33 and, on that basis, Defendant denies the allegations in Paragraph 33.

## COUNT I: BREACH OF CONTRACT

34. Defendant incorporates by reference its responses in the preceding paragraphs as if fully set forth herein.

35. Paragraph 35 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35.

36. Paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

## COUNT II: ACTION TO REVOKE ACCEPTANCE

42. Defendant incorporates by reference its responses in the preceding paragraphs as if fully set forth herein.

43. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 43 and, on that basis, Defendant denies the allegations in Paragraph 43.

44. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 44 and, on that basis, Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 46 and, on that basis, Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

**COUNT III: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

51. Defendant incorporates by reference its responses in the preceding paragraphs as if fully set forth herein.

52. Paragraph 52 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 53 and, on that basis, Defendant denies the allegations in Paragraph 53.

54. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 54 and, on that basis, Defendant denies the allegations in Paragraph 54.

55. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 55 and, on that basis, Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 58 and, on that basis, Defendant denies the allegations in Paragraph 58. Moreover, Paragraph 58 states legal conclusions to which no response is required.

59. Defendant denies the allegations in Paragraph 59.

## COUNT IV: BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

60. Defendant incorporates by reference its responses in the preceding paragraphs as if fully set forth herein.

61. Defendant states that, after diligent inquiry, it lacks sufficient information to admit or deny the allegations in Paragraph 61 and, on that basis, Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

## DEMAND FOR JURY TRIAL

66. Paragraph 66 demands a jury trial, therefore no response is required.

## PRAYER FOR RELIEF

In response to the WHEREFORE paragraph and Subparagraphs A and B, Defendant denies that Plaintiff is entitled to any of the relief requested therein; Defendant respectfully requests that the Amended Complaint be dismissed with prejudice, that the Court enter judgment in favor of Defendant in all respects and ordering that Plaintiff take nothing in relation to this matter, granting Defendant its costs, including attorneys' fees, incurred in relation to this matter, and granting Defendant such other relief as the Court finds just and proper.

## DEFENSES AND AFFIRMATIVE DEFENSES

In response to the claims contained in Plaintiff's Amended Complaint, and without admitting any of the allegations set forth therein, Defendant asserts the following affirmative and other defenses, without assuming any burden of proof that is not assigned to it by operation of law.

## FIRST DEFENSE

67. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## SECOND DEFENSE

68. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## THIRD DEFENSE

69. Plaintiff's claims are barred in whole or in part for Plaintiff's failure to mitigate its alleged damages.

## FOURTH DEFENSE

70. Plaintiff's claims are barred in whole or in part as Plaintiff failed to timely reject the goods at issue.

## FIFTH DEFENSE

71. Plaintiff's claims are barred in whole or in part as Plaintiff failed to timely revoke its acceptance of the goods at issue.

## SIXTH DEFENSE

72. Plaintiff has waived its claims.

## SEVENTH DEFENSE

73. Plaintiff failed to timely notify Defendant of any alleged breach.

## EIGHTH DEFENSE

74. Plaintiff's claims are barred by waiver.

## NINTH DEFENSE

75. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## TENTH DEFENSE

76. Plaintiff's claims constitute abuse of process.

## ELEVENTH DEFENSE

77. A third party, 123 Deals From A to Z LLC, a New Jersey Limited Liability Company, is

responsible for at least a portion of Plaintiff's alleged damages.

## **RESERVATION OF RIGHTS**

78.     Defendant reserves all rights to assert further affirmative defenses as they become known during the course of discovery or otherwise become available or applicable, and to amend this Answer accordingly.

## **DEMAND FOR JURY TRIAL**

79.     Pursuant to Federal Rule of Civil Procedure 38(b), Defendant requests a trial by jury on all issues properly triable to a jury.


Dated: March 10, 2023                                                           **Bochner IP, PLLC**

                                                                                By: /s/ Andrew D. Bochner
                                                                                Andrew D. Bochner, Esq.
                                                                                Serge Krimnus, Esq. (*pro hac vice*)
                                                                                295 Madison Avenue, 12th Floor
                                                                                New York, New York 10017
                                                                                Tel: 646.971.0685
                                                                                andrew@bochnerip.com
                                                                                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that this Answer was filed through the CM/ECF system on March 9, 2023 and will therefore be sent electronically to the registered participants as identified on the NEF.

/s/ Andrew D. Bochner

Andrew D. Bochner