IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY, TRENTON VICINAGE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| West Trenton Hardware LLC, | No. 3:21-cv-17662-GC-TJB |
| Plaintiff, | |
| -against- | **THIRD-PARTY COMPLAINT BY DEFENDANT BROOKLYN TEXTILES, LLC AGAINST 123 DEALS FROM A TO Z LLC** |
| Brooklyn Textiles, LLC, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Brooklyn Textiles, LLC

Third-Party Plaintiff,

-against-

123 Deals From A to Z LLC,

Third-Party Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Pursuant to Federal Rules of Civil Procedure 14, Defendant and Third-Party Plaintiff Brooklyn Textiles, LLC ("Brooklyn Textiles" or "Third-Party Plaintiff") hereby asserts claims by way of this Third-Party Complaint against Third-Party Defendant 123 Deals From A to Z LLC ("123 Deals" or "Third-Party Defendant"), as follows:

## INTRODUCTION

1.   Defendant and Third-Party Plaintiff Brooklyn Textiles brings this Third-Party Complaint against Third-Party Defendant 123 Deals for breach of contract, breach of implied

warranty of merchantability, breach of implied warranty of fitness for a particular purpose, equitable indemnity, and contribution.

## THE PARTIES

2. Defendant and Third-Party Plaintiff Brooklyn Textiles is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York, with its offices and principal place of business at 342 20th Street, Brooklyn, New York 11215.

3. Upon information and belief, Third-Party Defendant 123 Deals is a New Jersey limited liability company with a principal place of business at 4 Stonewall Court, Lakewood, New Jersey 08701. The members of 123 Deals are Karmit Badouch and Raphael Badouch. Both members of 123 Deals are residents and citizens of New Jersey.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Third-Party Complaint pursuant to 28 U.S.C. § 1332(a) as these proceedings are between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these third-party claims occurred in this District. In addition, 123 Deals is subject to general personal jurisdiction in the District of New Jersey.

## FACTUAL BACKGROUND

6. Plaintiff West Trenton Hardware LLC ("Plaintiff") filed a Complaint against Brooklyn Textiles on September 27, 2021 [ECF 1], alleging claims of breach of contract and

breach of implied warranties of merchantability and fitness for a particular purpose against Brooklyn Textiles. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

7.     On January 24, 2022, Plaintiff filed its First Amended Complaint ("FAC"), ECF 13, against Brooklyn Textiles, alleging claims of breach of contract, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and an action to revoke acceptance. A true and correct copy of Plaintiff's Amended Complaint is attached hereto as **Exhibit B**.

8.     Brooklyn Textiles filed its Answer, ECF 22, to Plaintiff's FAC on March 10, 2023. A true and correct copy of Brooklyn Textiles' Answer is attached hereto as **Exhibit C**.

9.     Plaintiff alleges that it purchased approximately 20,000,000 medical-grade, nitrile examination gloves from Brooklyn Textiles during the period from February 2021 through April 2021. FAC ¶ 8.

10.    Plaintiff alleges that of the 20,000,000 gloves ordered from Brooklyn Textiles, many were not nitrile and, therefore, were non-conforming goods. FAC ¶ 17.

11.    Plaintiff alleges that, because the goods delivered by Brooklyn Textiles were non-conforming, Brooklyn Textiles has breached its purchase contract with Plaintiff, and breached the implied warranties of merchantability and fitness for a particular purpose. FAC ¶¶ 34-41, 51-65.

12.    The subject gloves were inspected, packaged, distributed, and supplied by Third-Party Defendant.

13.    On February 3, 2022, Brooklyn Textiles ordered approximately 30,000 SKYMED-brand medical-grade nitrile examination gloves from 123 Deals.

14.     Brooklyn Textiles paid 123 Deals $404,730.00 by wire transfer for the February 3, 2022 order.

15.     On March 1, 2022, Brooklyn Textiles ordered the following items from 123 Deals: 539,000 Small Sri Trang Nitrile Exam gloves; 1,096,000 Large Sri Trang Nitrile Exam gloves; 390,000 Small Dong Tai Nitrile Exam gloves; 408,000 Medium Dong Tai Nitrile Exam gloves; 1,680,000 Large Dong Tai Nitrile Exam gloves, and; 210,000 Extra Large Dong Tai Nitrile Exam gloves.

16.     Brooklyn Textiles paid 123 Deals $610,764.00 by wire for the March 1, 2022 orders.

17.     The FAC alleges that the subject gloves were non-conforming as they were not all nitrile gloves. Rather, the FAC alleges, many were made of latex instead of nitrile. FAC ¶¶ 17-18.

18.     The FAC alleges that an independent laboratory who tested the subject gloves confirmed that a number of the subject gloves were latex. FAC ¶ 21.

19.     The FAC alleges that, as a result of many of the subject gloves being non-conforming, Plaintiff was damaged in the amount of $456,435 by having to purchase replacement gloves. FAC ¶ 41.

20.     At all times material hereto, Brooklyn Textiles relied on the understanding that, in accordance with its February 3, 2022 and March 1, 2022 purchase orders, all of the subject gloves ordered from and supplied by Third-Party Defendant were medical-grade, nitrile examination gloves.

21.     Without admitting liability to Plaintiff, to the extent that such breaches alleged by Plaintiff against Brooklyn Textiles are proven, Third-Party Defendant has breached its contract

with Brooklyn Textiles.

22.     Without admitting liability to Plaintiff, to the extent that such breaches alleged by Plaintiff against Brooklyn Textiles are proven, Third-Party Defendant has breached the implied warranties of fitness for a particular purpose and merchantability as described herein.

23.     If Plaintiff has sustained the alleged injuries and damages set forth in the FAC, then such alleged injuries and damages were caused in whole or in part by the actions and omissions of Third-Party Defendant, including but not limited to Third-Party Defendant's failure to provide Brooklyn Textiles with medical-grade nitrile examination gloves.

24.     Without admitting that Plaintiff's allegations that the subject gloves were non-conforming, and to the extent the same is proven, Brooklyn Textiles was unaware that any of the subject gloves were not medical-grade nitrile examination gloves.

25.     Third-Party Defendant never advised Brooklyn Textiles that the subject gloves were not entirely medical-grade nitrile examination gloves.

26.     To the extent, if any, Plaintiff's contract with Brooklyn Textiles was breached, Third-Party Defendant's breach of its contract with Brooklyn Textiles is the actual and proximate cause of any breach alleged by Plaintiff.

## COUNT I: BREACH OF CONTRACT

27.     Brooklyn Textiles incorporates by reference the preceding paragraphs of this Third-Party Complaint as if fully set forth herein.

28.     The February 3, 2022 and March 1, 2022 purchase orders constitute valid and binding contracts between Brooklyn Textiles and Third-Party Defendant.

29.     Under both the February 3, 2022 and March 1, 2022 contracts, Third-Party

Defendant was required to supply only medical-grade nitrile examination gloves in the quantities and sizes specified therein.

30. Brooklyn Textiles has fully performed under both the February 3, 2022 and March 1, 2022 contracts by rendering full payment to Third-Party Defendant for the subject gloves.

31. To the extent, if any, that Plaintiff's allegation that the subject gloves were non-conforming are proven true, Third-Party Defendant breached both the February 3, 2022 and March 1, 2022 contracts by supplying Brooklyn Textiles with non-conforming goods. Specifically, by supplying Brooklyn Textiles with latex gloves while the February 3, 2022 and March 1, 2022 contracts obligated Third-Party Defendant to provide medical-grade nitrile examination gloves.

32. As a direct and proximate result of Third-Party Defendant's breach of the February 3, 2022 and March 1, 2022 contracts, the subject gloves are alleged to have caused injury to Plaintiff.

33. If Plaintiff proves its alleged damages, which Brooklyn Textiles expressly denies, Third-Party Defendant is liable to Brooklyn Textiles for breach of contract.

**COUNT II: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

34. Brooklyn Textiles incorporates by reference the preceding paragraphs of this Third-Party Complaint as if fully set forth herein.

35. Third-Party Defendant tested, inspected, distributed, supplied, and/or sold the subject gloves.

36. To the extent, if any, that Plaintiff's allegation that the subject gloves were non-conforming as being latex and not nitrile is proven true, Third-Party Defendant breached the implied warranty of merchantability as the subject gloves were not fit for the ordinary purpose for

which they were intended.

37. To the extent, if any, that Plaintiff's allegation that the subject gloves were non-conforming as being latex and not nitrile is proven true, the subject gloves were defective at the time of Third-Party Defendant's sale of the subject gloves to Brooklyn Textiles.

38. To the extent, if any, that Plaintiff's allegation that the subject gloves were non-conforming as being latex and not nitrile is proven true, the defects in the subject gloves directly and proximately caused injury to Plaintiff.

39. If Plaintiff proves its alleged damages, which Brooklyn Textiles expressly denies, Third-Party Defendant is liable to Brooklyn Textiles for breach of the implied warranty of merchantability.

## COUNT III: BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

40. Brooklyn Textiles incorporates by reference the preceding paragraphs of this Third-Party Complaint as if fully set forth herein.

41. Brooklyn Textiles had a particular purpose for the subject gloves tested, inspected, distributed, supplied, and/or sold by Third-Party Defendant, that being gloves that are stronger and provide better protection to its users than latex and other non-nitrile gloves.

42. Third-Party Defendant knew or had reason to know of Brooklyn Textiles' particular purpose for the subject gloves, at least because the February 3, 2022 and March 1, 2022 contracts call specifically for medical-grade, nitrile examination gloves.

43. Third-Party Defendant knew or had reason to know that Brooklyn Textiles was relying on Third-Party Defendant's superior skill or judgment to furnish goods that fulfilled

Brooklyn Textiles' stated purpose.

44. To the extent, if any, Plaintiff's allegation that the subject gloves were non-conforming as being latex and not nitrile, Third-Party Defendant failed to furnish gloves that fulfilled Brooklyn Textiles' stated purpose.

45. If Plaintiff proves its alleged damages, which Brooklyn textiles expressly denies, Third-Party Defendant is liable to Brooklyn Textiles for breach of the implied warranty of fitness for a particular purpose.

## COUNT IV: EQUITABLE INDEMNITY

46. Brooklyn Textiles incorporates by reference the preceding paragraphs of this Third-Party Complaint as if fully set forth herein.

47. If Plaintiff proves its alleged damages, which Brooklyn Textiles expressly denies, the acts and/or omissions of Third-Party Defendant were the cause in fact and direct and proximate causes of Plaintiff's alleged injuries.

48. Because the acts and/or omissions of Third-Party Defendant were the cause in fact and direct and proximate causes of Plaintiff's alleged injuries, damages, and/or losses, if Brooklyn Textiles is found liable to Plaintiff in this case, which liability is specifically denied, Brooklyn Textiles is entitled to indemnification by Third-Party Defendant for all sums that Brooklyn Textiles may be compelled to pay as a result of any settlement, mediation, arbitration, judgment, or any other award recovered by Plaintiff, and for all attorneys' fees, costs, and expenses awarded against Brooklyn Textiles.

49. Brooklyn Textiles is also entitled to indemnification by Third-Party Defendant for all attorneys' fees, costs, and expenses which Brooklyn Textiles has incurred or may incur as a

result of this litigation.

## COUNT V: CONTRIBUTION

50. Brooklyn Textiles incorporates by reference the preceding paragraphs of this Third-Party Complaint as if fully set forth herein.

51. If Plaintiff proves its alleged damages, which Brooklyn Textiles expressly denies, Plaintiff's damages, injuries, and/or losses were caused in fact and directly and proximately caused by the acts and/or omissions of Third-Party Defendant.

52. Because the acts and/or omissions of Third-Party Defendant were the cause in fact and direct and proximate causes of Plaintiff's alleged injuries, damages, and/or losses, if Brooklyn Textiles is found liable to Plaintiff in this case, which liability is specifically denied, Brooklyn Textiles is entitled to contribution by Third-Party Defendant for all sums that Brooklyn Textiles may be compelled to pay as a result of any settlement, mediation, arbitration, judgment, or any other award recovered by Plaintiff, and for all attorneys' fees, costs, and expenses awarded against Brooklyn Textiles.

53. Brooklyn Textiles is also entitled to contribution by Third-Party Defendant for all attorneys' fees, costs, and expenses which Brooklyn Textiles has incurred or may incur as a result of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Brooklyn Textiles, LLC respectfully requests the following relief:

1. That judgment be entered in favor of Brooklyn Textiles and against 123 Deals, in the same amount that Brooklyn Textiles may pay as a result of any settlement, mediation, arbitration, judgment, or any other award, including but not limited to any award for attorneys'

fees, costs, and expenses incurred by Plaintiff;

    2.    For all damages sustained by Brooklyn Textiles in this case;

    3.    For all attorneys' fees, costs, and expenses which Brooklyn Textiles has incurred or may incur as a result of this case, including but not limited to in the defense of the case and the prosecution of this Third-Party Complaint; and

    4.    For such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 13, 2023
      New York, New York

**Bochner IP, PLLC**

By:    /s/ Andrew D. Bochner
Andrew D. Bochner, Esq.
Serge Krimnus, Esq. (*pro hac vice*)
295 Madison Ave., 12th Floor
New York, New York 10017
Tel: 646.971.0685
*Attorney for Defendant and Third-Party Plaintiff*