**GORDON REES SCULLY MANSUKHANI, LLP**
Melissa J. Brown, Esq.
Attorney ID No.: 12882007
18 Columbia Turnpike
Suite 220
Florham Park, NJ 07932
mjbrown@grsm.com

**THE RUSSELL FRIEDMAN LAW GROUP, LLP**
Richard Pawelczyk, Esq.
400 Garden City Plaza, Suite 500
Garden City, New York 11530
rpawelczyk@rfriedmanlaw.com

---------------------------------------------------------------------
West Trenton Hardware LLC,

                *Plaintiff*,

  -against-

Brooklyn Textiles, LLC,

                *Defendant*.
---------------------------------------------------------------------

Brooklyn Textiles, LLC,

                *Third-Party Plaintiff*,

  -against-

123 Deals from A to Z LLC,

                *Third-Party Defendant*.
---------------------------------------------------------------------

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

Docket No.:
3: 21-cv-17662 (GC)(TJB)

**ANSWER TO AMENDED THIRD-PARTY COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND**

Third-Party Defendant, 123 Deals from A to Z LLC, ("Third-Party Defendant"), by and through their attorneys, Melissa J. Brown, Esquire of Gordon Rees Scully Mansukhani, LLP, and

Richard Pawelczyk, Esquire of The Russell Friedman Law Group, LLP, as and for an Answer to Brooklyn Textiles, LLC's Amended Third-Party Complaint, alleges as follows:

## INTRODUCTION

1. Denies the factual allegations contained in paragraph 1 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

## THE PARTIES

2. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2 of the Amended Third-Party Complaint.

3. Admits the factual allegations contained in paragraph 3 of the Amended Third-Party Complaint but leaves all questions of law to the Court for its ultimate determination.

## JURISDICTION AND VENUE

4. Denies the factual allegations contained in paragraph 4 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

5. Denies the factual allegations contained in paragraph 5 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

## FACTUAL BACKGROUND

6. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6 of the Amended Third-Party Complaint.

7. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 7 of the Amended Third-Party Complaint.

8. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8 of the Amended Third-Party Complaint.

9. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9 of the Amended Third-Party Complaint.

10. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 10 of the Amended Third-Party Complaint.

11. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 11 of the Amended Third-Party Complaint.

12. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12 of the Amended Third-Party Complaint.

13. Denies the factual allegations contained in paragraph 13 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

14. Denies the factual allegations contained in paragraph 14 of the Amended Third-Party Complaint but leaves all questions of law to the Court for its ultimate determination.

15. Denies the factual allegations contained in paragraph 15 of the Amended Third-Party Complaint but leaves all questions of law to the Court for its ultimate determination.

16. Denies the factual allegations contained in paragraph 16 of the Amended Third-Party Complaint but leaves all questions of law to the Court for its ultimate determination.

17. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 17 of the Amended Third-Party Complaint.

18. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 18 of the Amended Third-Party Complaint.

19. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 19 of the Amended Third-Party Complaint.

20. Denies the factual allegations contained in paragraph 20 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination

21. Denies the factual allegations contained in paragraph 21 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

22. Denies the factual allegations contained in paragraph 22 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

23. Denies the factual allegations contained in paragraph 23 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

24. Denies the factual allegations contained in paragraph 24 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

25. Denies the factual allegations contained in paragraph 25 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

26. Denies the factual allegations contained in paragraph 26 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

## **AS AND FOR A RESPONSE TO THE ALLEGATIONS OF COUNT I: BREACH OF CONTRACT**

27. As to the allegations contained in paragraph 27 of the Amended Third-Party Complaint, repeats, reiterates, and re-alleges each and every admission and denial previously made.

28. Denies the factual allegations contained in paragraph 28 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

29. Denies the factual allegations contained in paragraph 29 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

30. Denies the factual allegations contained in paragraph 30 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

31. Denies the factual allegations contained in paragraph 31 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

32. Denies the factual allegations contained in paragraph 32 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

33. Denies the factual allegations contained in paragraph 33 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

**AS AND FOR A RESPONSE TO THE ALLEGATIONS OF COUNT II: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

34. As to the allegations contained in paragraph 34 of the Amended Third-Party Complaint, repeats, reiterates, and re-alleges each and every admission and denial previously made.

35. Denies the factual allegations contained in paragraph 35 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

36. Denies the factual allegations contained in paragraph 36 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

37. Denies the factual allegations contained in paragraph 37 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

38. Denies the factual allegations contained in paragraph 38 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

39. Denies the factual allegations contained in paragraph 39 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

## AS AND FOR A RESPONSE TO THE ALLEGATIONS OF COUNT III: BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

40. As to the allegations contained in paragraph 40 of the Amended Third-Party Complaint, repeats, reiterates, and re-alleges each and every admission and denial previously made.

41. Denies the factual allegations contained in paragraph 41 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

42. Denies the factual allegations contained in paragraph 42 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

43. Denies the factual allegations contained in paragraph 43 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

44. Denies the factual allegations contained in paragraph 44 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

45. Denies the factual allegations contained in paragraph 45 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

## AS AND FOR A RESPONSE TO THE ALLEGATIONS OF COUNT IV: EQUITABLE INDEMNITY

46. As to the allegations contained in paragraph 46 of the Amended Third-Party Complaint, repeats, reiterates, and re-alleges each and every admission and denial previously made.

47. Denies the factual allegations contained in paragraph 47 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

48. Denies the factual allegations contained in paragraph 48 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

49. Denies the factual allegations contained in paragraph 49 of the Amended Third-Party Complaint and leaves all questions of law to the Court for its ultimate determination.

## AS AND FOR A RESPONSE TO THE ALLEGATIONS OF COUNT V:

## CONTRIBUTION

50. As to the allegations contained in paragraph 50 of the Amended Third-Party Complaint, repeats, reiterates, and re-alleges each and every admission and denial previously made.

51. Denies the factual allegations contained in paragraph 51 of the Amended Third-Party Complaint and leave all questions of law to the Court for its ultimate determination.

52. Denies the factual allegations contained in paragraph 52 of the Amended Third-Party Complaint and leave all questions of law to the Court for its ultimate determination.

53. Denies the factual allegations contained in paragraph 53 of the Amended Third-Party Complaint and leave all questions of law to the Court for its ultimate determination.

## THIRD-PARTY DEFENDANT'S RESPONSE TO THIRD-PARTY PLAINTIFF'S

## PRAYER FOR RELIEF

Third-Party Defendant answers Third-Party Plaintiff, Brooklyn Textiles, LLC's, Prayer for Relief as follows:

1. Denied. As to Third-Party Plaintiff's damages, after reasonable investigation, Answering Third-Party Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. By way of further answer as to Third-Party Plaintiff's damages, it is

specifically denied that any such damages were caused by the carelessness, recklessness, or negligence of Answering Third-Party Defendant.

2. Denied. As to Third-Party Plaintiff's damages, after reasonable investigation, Answering Third-Party Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. By way of further answer as to Third-Party Plaintiff's damages, it is specifically denied that any such damages were caused by the carelessness, recklessness, or negligence of Answering Third-Party Defendant.

3. Denied. As to Third-Party Plaintiff's damages, after reasonable investigation, Answering Third-Party Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. By way of further answer as to Third-Party Plaintiff's damages, it is specifically denied that any such damages were caused by the carelessness, recklessness, or negligence of Answering Third-Party Defendant.

4. Denied. As to Third-Party Plaintiff's damages, after reasonable investigation, Answering Third-Party Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. By way of further answer as to Third-Party Plaintiff's damages, it is specifically denied that any such damages were caused by the carelessness, recklessness, or negligence of Answering Third-Party Defendant.

**WHEREFORE**, Answering Third-Party Defendant demands judgment in their favor and against all other parties.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Amended Third-Party Complaint fails to state a cause of action against Third-Party Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

All or part of the Amended Third-Party Complaint is barred by the statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

There is no privity or relationship of any kind between Plaintiff and Third-Party Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The allegations in the Amended Third-Party Complaint are unrelated to any actions, operation, or activities of Third-Party Defendant or any of their agent(s), officer(s), owner(s), or employees.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff failed to take reasonable and necessary measures to mitigate damages, if any.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff has failed to allege any proximate relationship between any action or omission of Third-Party Defendant and damages alleged by individual Plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Amended Third-Party Complaint is barred for this Court's lack of subject-matter jurisdiction.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

That the injuries of Plaintiff were caused in whole or in part by its own contributory negligence and/or culpable conduct and/or by persons and/or events over which Third-Party

Defendant had no control and, therefore, Plaintiff's claims and Third-Party Plaintiff's claims are barred or the amount of same is diminished accordingly.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

That the injuries of Plaintiff were caused in whole or in part by the culpable conduct of Plaintiff and/or Third-Party Plaintiff which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct bears to the total culpable conduct causing the injuries.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and Third-Party Plaintiff's claims are barred by the doctrines of waiver, estoppel, and unclean hands.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

The Amended Third-Party Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Third-Party Plaintiff's claims against Third-Party Defendant must be dismissed, in whole or in part, because Third-Party Defendant lacked the requisite scienter, and at all times acted in good faith and with good cause.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of laches, specifically more than two years have passed since the goods in question were transferred.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Third-Party Defendant did not violate the causes of action pled in the Amended Third-Party Complaint.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Third-Party Defendant performed each and every duty, if any, owed to Third-Party Plaintiff.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

Some or all of Third-Party Plaintiff's claims are barred by accord and satisfaction, off-set, settlement, and/or payment and release.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

The circumstances of which Third-Party Plaintiff complained are *de minimis* and not actionable.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

Third-Party Plaintiff is not entitled to damages as Third-Party Plaintiff has failed to plead any facts that would support any claim.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

The circumstances complained of by Third-Party Plaintiff were a result of Plaintiff's own conduct and/or Third-Party Plaintiff's own conduct.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

The actions taken by Third-Party Defendant were made in good faith, without malice and in conformity with any and all applicable laws.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

Third-Party Plaintiff has failed to meet statutory and/or legal conditions precedent to bring some or all the allegations contained in the Amended Third-Party Complaint.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

The Amended Third-Party Complaint is barred because Third-Party Defendant complied with all applicable legal and contractual obligations.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred, because any recovery would constitute unjust enrichment.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred or reduced because Plaintiff breached the implied covenant of good faith and fair dealing.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Third-Party Defendant reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff inspected the goods in question.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The applicable invoices set forth that upon inspection, sales are final.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

None of the goods set forth in the Amended Third-Party Complaint were ever sold by Third-Party Defendant.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff cannot establish that Third-Party Defendant provided any of the gloves that are the subject matter of the Amended Third-Party Complaint.

## **RESERVATION OF RIGHTS**

Third-Party Defendant reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

## **JURY DEMAND**

Answering Third-Party Defendant demands a trial by jury on all issues.

**WHEREFORE,** Third-Party Defendant demands judgment dismissing the Amended Third-Party Complaint, together with the costs and disbursements of this action, attorney's fees, and such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

Dated:  April 7, 2023

**GORDON REES SCULLY MANSUKHANI, LLP**

By:   /s/ *Melissa J. Brown*
Melissa J. Brown
18 Columbia Turnpike
Suite 220
Florham Park, New Jersey 07932
Tel: 973.549.2556
Email: mjbrown@grsm.com

**THE RUSSELL FRIEDMAN LAW GROUP, LLP**

**(PRO HAC VICE)**

By:   /s/ *Richard Pawelczyk*
Richard Pawelczyk
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: 516.355.9661
Email: rpawelczyk@rfriedmanlaw.com