NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEST TRENTON HARDWARE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BROOKLYN TEXTILES, LLC,<br><br>Defendant. | Civil Action No. 21-17662 (GC)<br><br>REPORT AND RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court *sua sponte* based on Defendant and Third-Party Plaintiff, Brooklyn Textiles, LLC's ("Brooklyn Textiles") failure to comply with the Court's Letter Order to Show Cause entered on December 21, 2023 (Docket Entry No. 43), which directed Brooklyn Textiles to retain counsel and both (1) appear in person before the undersigned on January 29, 2024 to show cause why its Third-Party Complaint against 123 Deals From A to Z LLC ("123 Deals") should not be dismissed without prejudice; and (2) submit a written statement by January 19, 2024, explaining why it failed to retain counsel by the deadline previously set by the Court and why its Third-Party Complaint against 123 Deals should not be dismissed without prejudice. A day after the Court entered its Letter Order to Show Cause, 123 Deals filed a motion to dismiss Brooklyn Textiles' Third-Party Complaint with prejudice. 123 Deals' motion is unopposed. For the reasons set forth below, the Court recommends that Brooklyn Textiles' Third-Party Complaint be dismissed with prejudice.

I.      **Background and Procedural History**

Brooklyn Textiles had been represented in this matter by Andrew D. Bochner, Esq., Serge Krimnus, Esq., and Bochner PLLC (collectively, "defense counsel"). On August 24, 2023, defense counsel moved to withdraw, indicating that Brooklyn Textiles had terminated its relationship with defense counsel. (*See* Docket Entry No. 39). While the Court had not received any opposition to defense counsel's motion, out of an abundance of caution, the Court entered a Letter Order on September 21, 2023 (Docket Entry No. 40) explicitly providing Brooklyn Textiles with the opportunity to object to defense counsel's withdrawal, forewarning Brooklyn Textiles that "because it is a corporate entity, it cannot represent itself *pro se*" and indicating that "if defense counsel is permitted to withdraw, [Brooklyn Textiles] will have to retain new counsel or face default and ultimately default judgment[.]" *Id*. at 1. Despite the Court's forewarning, Brooklyn Textiles did not oppose defense counsel's motion to withdraw.

As a result, on October 11, 2023, the Court entered a Letter Order (Docket Entry No. 41), granting defense counsel's motion to withdraw, readvising Brooklyn Textiles that it could not proceed *pro se* in this matter, and directing Brooklyn Textiles to retain new counsel by November 17, 2023. Brooklyn Textiles neither retained new counsel as directed in the Court's Letter Order, nor did it request an extension of time to do so. As a result, on December 21, 2023, the Court entered a Letter Order, directing the Clerk of the Court to enter default against Brooklyn Textiles. *See* Docket Entry No. 43 at 2. Moreover, given Brooklyn Textiles failure to comply with the Court's Letter Order of October 11, 2023 coupled with its failure to heed the Court's explicit warnings regarding its inability to proceed *pro se* in this matter, the Court also directed Brooklyn Textiles to (1) appear in person before the undersigned on January 29, 2024 to show cause why its Third-Party Complaint against 123 Deals should not be dismissed without prejudice; and (2)

submit a written statement by January 19, 2024, explaining both why it failed to retain counsel by the deadline previously set by the Court and why its Third-Party Complaint against 123 Deals should not be dismissed without prejudice. *Id*. Further, the Court forewarned Brooklyn Textiles that failure to comply with the Court's Letter Order to Show Cause may result in the imposition of sanctions, including, but not limited to the dismissal of its Third-Party Complaint without prejudice. *See id*.

Despite the Court's forewarning, Brooklyn Textiles failed to comply with the Court's Letter Order to Show Cause. Brooklyn Textiles neither submitted the requisite written explanation, nor did it appear, as required, on January 29, 2024. Moreover, at no point prior to or after the show cause hearing set for January 29, 2024 did Brooklyn Textiles contact the Court. Given Brooklyn Textiles' additional and continued failure to comply with this Court's Orders, the Court now considers whether Brooklyn Textiles' Third-Party Complaint should be dismissed with prejudice.

## II.     Analysis

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id*. Generally, in determining whether to impose an involuntary order of dismissal with prejudice, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d, 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis,* it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of Brooklyn Textiles' Third-Party Complaint with prejudice. For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of Brooklyn Textiles' Third-Party Complaint with prejudice:

1. **Third-Party Plaintiff's Personal Responsibility:** Despite being afforded ample opportunity, Brooklyn Textiles failed to heed the Court's warnings that it could not appear in this matter unrepresented. Indeed, Brooklyn Textiles not only failed to object to defense counsel's motion to withdraw, but also failed to retain new counsel as instructed by the Court. Such responsibility belongs to Brooklyn Textiles alone. As such, the Court finds this factor weighs in favor of the dismissal of Brooklyn Textiles' Third-Party Complaint with prejudice.

2. **Prejudice to Third-Party Defendant:** The Court finds that 123 Deals has been prejudiced by Brooklyn Textiles' failure to retain new counsel and prosecute its Third-Party Complaint. By failing to comply with this Court's Orders, Brooklyn Textiles has abandoned its duty to prosecute its Third-Party Complaint and bring its claims against 123 Deals to resolution. It is unfair to 123 Deals that Brooklyn Textiles' Third-Party Complaint has remained stagnant for several months due to Brooklyn Textiles'

4

abdication of its duty to retain counsel and prosecute its claims. Brooklyn Textiles' conduct has interfered with 123 Deals' ability to fairly defend against Brooklyn Textiles' Third-Party Complaint. The Court finds that this prejudice, which was caused by Brooklyn Textiles' failure to do that which was required of it, supports the dismissal of its Third-Party Complaint with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:** Brooklyn Textiles has a history of dilatoriness. Extensive or repeated delay or delinquency constitutes a history of dilatoriness. *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863 (3d Cir. 1994). As outlined above, Brooklyn Textiles failed to comply with or respond to several court Orders, including failing to object to defense counsel's motion to withdraw and failing to retain new counsel. As explained multiple times by the Court, Brooklyn Textiles cannot appear in court to either defend against Plaintiff West Trenton Hardware, LLC's ("West Trenton"), Complaint or to prosecute its Third-Party Complaint against 123 Deals except through licensed counsel. The Clerk of the Court has already entered default against Brooklyn Textiles based on its failure to retain counsel, and Brooklyn Textiles has not retained counsel since default was entered. Indeed, Brooklyn Textiles has been entirely unresponsive since defense counsel withdrew despite the Court's multiple warnings it could not proceed *pro se*. The Court finds that Brooklyn Textiles' conduct establishes a history of continued dilatoriness that supports the dismissal of its Third-Party Complaint with prejudice.

4. **Willfulness or Bad Faith:** While the Court does not find that Brooklyn Textiles has acted in bad faith, its failure to retain counsel and prosecute its Third-Party Complaint

establishes that its conduct has been willful. Brooklyn Textiles willfully failed to retain counsel even after being placed on notice that it could not proceed in this matter except through licensed counsel. As a result, this factor further supports the dismissal of Brooklyn Textiles' Third-Party Complaint with prejudice.

5. **Effectiveness of Alternative Sanction:** The Court finds that considering Brooklyn Textiles' record of unresponsiveness, there is no effective alternative sanction. Brooklyn Textiles' Third-Party Complain cannot proceed without its participation, and, as explained above, Brooklyn Textiles cannot participate in this matter except through licensed counsel. Despite being given several opportunities, Brooklyn Textiles has failed to retain counsel. This failure has resulted in default being entered against it. Under these circumstances, the Court finds that no lesser sanction than dismissal of Brooklyn Textiles' Third-Party Complaint with prejudice would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the proceedings to date, it is unclear whether Brooklyn Textiles' Third-Party Complaint has merit. A claim will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense. *Poulis*, 747 F.2d at 869-870. As such, this factor is neutral.

When the Court considers all the *Poulis* factors set forth above, the Court finds that, on balance, they support the dismissal of Brooklyn Textiles' Third-Party Complaint with prejudice. Brooklyn Textiles voluntarily filed its Third-Party Complaint against 123 Deals. However, despite having done so, Brooklyn Textiles has failed to take the steps necessary to move its claims against

123 Deals forward and allow them to come to a resolution.  Indeed, despite being given every opportunity to proceed with its Third-Party Complaint, Brooklyn Textiles has elected to not retain counsel and prosecute its claims against 123 Deals.  As a result, this Court respectfully recommends that Brooklyn Textiles' Third-Party Complaint be dismissed with prejudice.

### III.    Conclusion

In light of the foregoing, after considering the *Poulis* factors;

IT IS on this 15th day of April 2024,

RECOMMENDED that Brooklyn Textiles' Third-Party Complaint be DISMISSED WITH PREJUDICE; and it is further

ORDERED that the Clerk of the Court terminate 123 Deals' Motion to Dismiss (Docket Entry No. 44) and activate this Report and Recommendation; and it is further

ORDERED that pursuant to FED.R.CIV.P. 72(b)(2) any party who has an objection to the proposed findings and recommendations set forth herein has **14 days** after being served with a copy of this Report and Recommendation to file specific written objections; and it is further

ORDERED that the Clerk of the Court send Brooklyn Textiles a copy of this Report and Recommendation by both Regular Mail and Certified Mail, Return Receipt Requested, to the following address:

>   Brooklyn Textiles, LLC
>   342 20th St.
>   Brooklyn, NY 11215

AND IT IS FURTHER ORDERED that West Trenton has permission to file a Motion for Default Judgment against Brooklyn Textiles. Any such motion shall be filed no later than **May 24, 2024**.

s/Tonianne J. Bongiovanni<br>
**HONORABLE TONIANNE J. BONGIOVANNI**<br>
**UNITED STATES MAGISTRATE JUDGE**