**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEST TRENTON HARDWARE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BROOKLYN TEXTILES, LLC, <br><br> Defendant. | Civil Action No. 21-17662 (GC) (TJB) <br><br> **MEMORANDUM ORDER** |

**CASTNER, United States District Judge**

    **THIS MATTER** comes before the Court upon Magistrate Judge Tonianne J. Bongiovanni's April 15, 2024 Report and Recommendation ("R&R") that recommends that Brooklyn Textiles, LLC's Amended Third-Party Complaint against 123 Deals From A to Z LLC be dismissed with prejudice. (ECF No. 48.) Having received no objection, the Court **ADOPTS** the R&R without modification.

**I.    BACKGROUND**

    In September 2021, Plaintiff West Trenton Hardware LLC sued Defendant Brooklyn Textiles, LLC, based on Brooklyn Textiles' alleged "failure to deliver goods that conformed to Plaintiff's purchase orders. Specifically, Plaintiff ordered from Defendant approximately twenty million nitrile gloves," but "approximately one-fifth" of the gloves were "not nitrile," and Defendant allegedly refused "to replace the defective goods or refund the approximately one million dollars paid . . . for said defective goods." (ECF No. 1 at 1.)

In January 2022, West Trenton filed an Amended Complaint that asserts four claims against Brooklyn Textiles arising in contract and breach of warranty. (ECF No. 13.) The Court denied Brooklyn Textiles' motion to dismiss in February 2023. (ECF No. 21.)

On March 10, 2023, Brooklyn Textiles answered the Amended Complaint and filed a Third-Party Complaint against Third-Party Defendant 123 Deals From A to Z LLC. (ECF Nos. 22 & 23.) Brooklyn Textiles filed an Amended Third-Party Complaint on April 5, 2023. (ECF No. 30.) Brooklyn Textiles alleged that the nitrile gloves at issue had been "inspected, packaged, distributed, and supplied" by 123 Deals and that Brooklyn Textiles had "relied on the understanding that . . . all of the subject gloves ordered from and supplied by [123 Deals] . . . were medical-grade, nitrile examination gloves." (*Id.* at 3-4.) Brooklyn Textiles asserted contract, breach of warranty, indemnity, and contribution claims against 123 Deals. (*Id.* at 5-9.) 123 Deals answered on April 7, 2023. (ECF No. 31.)

After the Court scheduled a settlement conference for October 31, 2023, counsel for Brooklyn Textiles filed a letter-motion to withdraw as attorney. (ECF No. 39.) Counsel wrote that "withdrawal [was] necessary because [Brooklyn Textiles] ha[d] terminated . . . counsel and the Firm." (*Id.*)

On September 21, 2023, the Court issued a Letter Order giving Brooklyn Textiles until October 6, 2023, to object to counsel's request to withdraw. (ECF No. 40.) In the Letter Order, the Court cautioned Brooklyn Textiles that "because it is a corporate entity, it cannot represent itself *pro se*; instead, [Brooklyn Textiles] must appear through licensed counsel. . . . As a result, if defense counsel is permitted to withdraw, [Brooklyn Textiles] will have to retain new counsel or face default and ultimately default judgment being entered against it." (*Id.* at 1.) The Court ordered defense counsel to send a copy of the Letter Order to Brooklyn Textiles "immediately upon receipt of same." (*Id.* at 2.)

When no response was received from Brooklyn Textiles, the Court granted counsel's motion to withdraw on October 11, 2023. (ECF No. 41.) The Court again noted that Brooklyn Textiles could not proceed *pro se*, and "[a]s such, Brooklyn Textiles [was] directed to retain new counsel and have said counsel enter an appearance . . . by November 17, 2023." (*Id.* at 1.) The Court directed withdrawing counsel to immediately provide a copy of the Order to Brooklyn Textiles. (*Id.*)

Then, on December 21, 2023, the Court issued a Letter Order to Show Cause noting that Brooklyn Textiles had not retained new counsel by the Court-ordered deadline of November 17, 2023. (ECF No. 43 at 1-2.) As a result, the Court entered default against Brooklyn Textiles and directed it to appear "on January 29, 2024 . . . to show cause why its Third Party Complaint against 123 Deals From A to Z LLC should not be dismissed without prejudice." (*Id.* at 2.) The Court also directed Brooklyn Textiles, "through licensed counsel," to "file a written statement with the Court explaining why it failed to retain new counsel." (*Id.*) The Court instructed the Clerk of Court to send a copy of the Letter Order to Show Cause to Brooklyn Textiles' former defense counsel via email (which the Clerk completed on December 21, 2023) and directed former defense counsel to provide a copy to Brooklyn Textiles immediately upon receipt of same. (*Id.* at 3.) The Court also ordered former defense counsel to provide the last known contact information (address, email, and telephone) for Brooklyn Textiles. (*Id.*)

On December 22, 2023, 123 Deals moved to dismiss Brooklyn Textiles, LLC's Amended Third-Party Complaint with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41(b). (ECF No. 44.) 123 Deals argued that dismissal with prejudice was "necessary because Brooklyn Textiles is a corporate entity that cannot pursue its claims without licensed counsel" and Brooklyn Textiles had failed "to abide by th[e] Court's orders" and failed "to prosecute its claims." (*Id.* at 14-20.)

On January 16, 2024, counsel for 123 Deals filed a letter representing that the motion had been served on Brooklyn Textiles via Certified Mail at 342 20th Street, Brooklyn, New York 11215. (ECF Nos. 45 & 45-1.) 123 Deals asked that the motion's return date be adjourned to February 5, 2024, to give Brooklyn Textiles an adequate opportunity to respond. (*Id.*) The Court granted the request. (ECF No. 46.) No response was received from Brooklyn Textiles.

On January 29, 2024, the return date of the Letter Order to Show Cause, Brooklyn Textiles did not appear and did not file anything in writing. (ECF No. 47.)

On April 15, 2024, Magistrate Judge Tonianne J. Bongiovanni issued an R&R dismissing Brooklyn Textiles' Third-Party Complaint against 123 Deals. (ECF No. 48.) Analyzing the factors set forth by the United States Court of Appeals for the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), Judge Bongiovanni found that the factors, on balance, supported dismissal of the Third-Party Complaint with prejudice. (*Id.* at 6-7.) As to personal responsibility, Judge Bongiovanni found that Brooklyn Textiles alone bore responsibility for not retaining new counsel as instructed and not answering the Court's orders. (*Id.* at 4.) As to prejudice, Judge Bongiovanni found that the matter had "remained stagnant for several months" and "Brooklyn Textiles' conduct ha[d] interfered with 123 Deals' ability to fairly defend against Brooklyn Textiles' Third-Party Complaint." (*Id.* at 4-5.) As to dilatoriness, Judge Bongiovanni found that "Brooklyn Textiles failed to comply with or respond to several court Orders, including failing to object to defense counsel's motion to withdraw and failing to retain new counsel." (*Id.* at 5.) As to willfulness or bad faith, Judge Bongiovanni found that "Brooklyn Textiles willfully failed to retain counsel even after being placed on notice that it could not proceed in this matter except through licensed counsel." (*Id.* at 5-6.) As to effectiveness of an alternative sanction, Judge Bongiovanni found that "considering Brooklyn Textiles' record of unresponsiveness, there [was] no effective alternative sanction" because "Brooklyn Textiles' Third-Party Complaint cannot

proceed without its participation, and . . . Brooklyn Textiles cannot participate . . . except through licensed counsel." (*Id.* at 6.) Finally, as to meritoriousness of the claims, Judge Bongiovanni found it "unclear whether Brooklyn Textiles' Third-Party Complaint has merit." (*Id.*)

Judge Bongiovanni concluded that even though Brooklyn Textiles "voluntarily filed its Third-Party Complaint against 123 Deals," Brooklyn Textiles "failed to take the steps necessary to move its claims . . . forward and allow them to come to a resolution. Indeed, despite being given every opportunity to proceed with its Third-Party Complaint, Brooklyn Textiles ha[d] elected to not retain counsel and prosecute its claims against 123 Deals." (*Id.* at 6-7.) Judge Bongiovanni directed the Clerk of Court to mail a copy of the R&R to Brooklyn Textiles (342 20th Street, Brooklyn, New York 11215[1]) by regular mail and Certified Mail, which the Clerk completed on April 16, 2024. (*Id.* at 7; *see also* ECF No. 48-1.) Brooklyn Textiles was informed in the R&R that it had fourteen days after service to object pursuant to Rule 72(b)(2). (ECF No. 48 at 7.)

## II. <u>LEGAL STANDARD</u>

"Within 14 days after being served with a copy of the recommended disposition [by a magistrate judge to dismiss a case], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "If a party objects timely to a magistrate judge's report and recommendation [dismissing a case], the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Fed. R. Civ. P.

---

[1] Brooklyn Textiles represented in its Amended Third-Party Complaint that its offices and principal place of business are located at this address. (ECF No. 30 ¶ 2.) Under this District's Local Civil Rules, an unrepresented party "must advise the Court of any change in their . . . address within seven days," and the "[f]ailure to file a notice of address change may result in the imposition of sanctions." L. Civ. R. 10.1(a). No such notice appears to have ever been received in this case.

72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). "If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court." *City of Long Branch*, 866 F.3d at 99-100 (citing *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007)). Even then, "[t]he authority and the responsibility to make an informed, final determination . . . remains with the [district court] judge," and "a district court should 'afford some level of review to dispositive legal issues raised by the report.'" *Id.* at 100 (first quoting *Mathews v. Weber*, 423 U.S. 261, 271 (1976); and then quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)). This level of review has been "described . . . as 'reasoned consideration.'" *Id.* (quoting *Henderson*, 812 F.2d at 878).

### III.   DISCUSSION

Having reviewed the relevant submissions in this matter, and no objection having been received from Brooklyn Textiles, the Court adopts the R&R without modification. It is well settled that a limited liability company, like Brooklyn Textiles, must be represented by counsel to prosecute a claim in this District. *See In re 69 N. Franklin Tpk., LLC*, 693 F. App'x 141, 144 (3d Cir. 2017) ("It is well established that a corporate entity such as a limited liability company may not proceed *pro se* and must be represented by legal counsel." (citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993)); *Sidewinder Films, LLC v. Sidewinder Films, LLC*, Civ. No. 19-13992, 2021 WL 222714, at *2 (D.N.J. Jan. 22, 2021) ("[A] limited liability company . . . cannot appear in federal court *pro se*." (collecting cases)). Based on Brooklyn Textiles' repeated failure to secure counsel and its failure to respond to the Magistrate Judge's Letter Order to Show Cause, the R&R, as well as to 123 Deals' motion to dismiss, the Court agrees with the R&R's conclusion that dismissal with prejudice of Brooklyn Textiles' Third-Party Complaint against 123 Deals is warranted under the relevant *Poulis* factors.

## IV. CONCLUSION & ORDER

For the reasons set forth above, and other good cause shown,

**IT IS** on this 30th day of July, 2024, **ORDERED** as follows:

1. The April 15, 2024 Report and Recommendation (ECF No. 48) is **ADOPTED** in its entirety. Brooklyn Textiles, LLC's Amended Third-Party Complaint against 123 Deals From A to Z LLC (ECF No. 30) is **DISMISSED** with prejudice.

2. The Clerk is directed to **TERMINATE** the R&R pending at ECF No. 48.

3. The Clerk is directed to mail a copy of this Memorandum Order to Brooklyn Textiles by regular United States mail and Certified Mail, Return Receipt Requested at the following address:

   Brooklyn Textiles, LLC
   342 20th Street
   Brooklyn, New York 11215

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**